```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA      *
                              *
v.                            *   Criminal No. WMN-10-0726
                              *   Civil Action No. WMN-16-1599
BRIAN LOUIS CLARK             *

     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## **MEMORANDUM**

After pleading guilty to a charge of bank robbery, Petitioner Brian Louis Clark was sentenced on May 5, 2011, to a term of imprisonment of 120 months. While the Petitioner was designated a "Career Offender" under the advisory United States Sentencing Guidelines (U.S.S.G.), the Court sentenced him below the advisory guideline range. Petitioner did not appeal his conviction or sentence.

On May 20, 2016, the Office of the Federal Public Defender (OFPD) filed a motion under 28 U.S.C. § 2255 on behalf of Petitioner under the belief that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), might impact the constitutionality of his sentence. In Johnson, the Supreme Court struck down the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Less than a year later, the Supreme Court in Welsh v. United States, 136 S. Ct. 1257 (2016), held that Johnson had announced a new substantive rule of

constitutional law that applies retroactively on collateral review of ACCA-enhanced sentences.  Because the "Career Offender" provision in the U.S.S.G. included the identical residual clause as the ACCA, it was thought that it too would be held to be void for vagueness.  The Supreme Court, however, on March 6, 2017, decided in Beckles v. United States, 137 S. Ct. 886 (2017), that the advisory sentencing guidelines were not subject to such a challenge.

On or about April 12, 2017, after the OFPD informed him that it would no longer be able to represent him in light of the Beckles decision, Petitioner filed a "Motion to Proceed Pro Se and Preserve and Amend Pending 2255 under Mathis."  ECF No. 25.  On April 24, 2017, the Court issued a Letter Order reserving its ruling on Petitioner's motion to amend and granting him 20 days to either withdraw his § 2255 motion, or file a motion to amend it setting out the basis for his requested relief.  ECF No. 26.  The Court noted in that Letter Order that the decision referenced in Petitioner's motion, Mathis v. United States, 136 S. Ct. 2243 (2016), addressed sentence enhancement under the ACCA, not the advisory sentencing guidelines.  Furthermore, the Supreme Court stated clearly in Mathis that it was not setting out any newly recognized right and, thus, this decision would

not permit Petitioner to avoid 28 U.S.C. § 2255(f)'s one year limitations period for bringing a motion under § 2255.[1]

On May 4, 2017, Petitioner filed his amended motion under 28 U.S.C. § 2255. ECF No. 27. In arguing that his motion is not time barred, Petitioner cites <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338 (2016), for the proposition that "a miscalculation of a correct guideline range does result in clear error and Clark is entitled to be resentenced to his correct guideline range." ECF No. 27. <u>Molina-Martinez</u>, however, concerned the application of Rule 52 of the Federal Rules of Civil Procedure and the evidentiary burden facing a defendant <u>in the context of a direct appeal</u>, not timeliness under § 2255(f).

Petitioner also mentions several other decisions in his amended motion: <u>United States v. Green</u>, 16-cv-502-pp, 2017 WL

---

[1] 28 U.S.C. § 2255(f) provides that a one year period of limitations applies to motions under § 2255 and begins to run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

268315 (E.D. Wisc. Feb 3, 2017); United States v. Lowery, CV-16-1808-PHX-SRB, 2017 U.S. Dist. LEXIS 14765 (D. Ariz. Feb. 1, 2017); United States v. Savage, LA CR 08-00258-VBF, 2017 WL 120008 (C.D. Cal. Jan. 12, 2017); and United States v. Boone, 2:12-cr-162-121, 2016 WL 3057655 (W.D. Pa. May 31, 2016). All of these decisions, however, predate Beckles and were decided under the belief that the rationale of Johnson would also be applied to the U.S.S.G.'s career offender provision. Since Beckles was decided otherwise, these decisions provide Petitioner no support.

The Court finds that Petitioner's § 2255 motion is clearly time barred. Petitioner was sentenced on May 5, 2011, and thus the one year limitations period of § 2255(f) ran on May 5, 2012. Petitioner has pointed to no newly recognized right, made retroactively applicable to cases on collateral review, that would revive his ability to file his motion.

Because the Court will dismiss Petitioner's motion under § 2255, it must determine whether a certificate of appealability should issue. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is

4

likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  As reasonable jurists would not find this Court's dismissal of petitioner's Section 2255 motion debatable, a certificate of appealability will not issue.

A separate order consistent with this memorandum will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: May 17, 2017